UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Movant,  )<br>  )<br>v.  )<br>  )<br>DELOITTE & TOUCHE USA LLP,  )<br>  )<br>Respondent.  )<br>  )<br>  )<br>  ) | Case No.: 1:08-mc-00411-RJL<br>Judge Leon |

## UNOPPOSED MOTION TO INTERVENE AS OF RIGHT

Pursuant to Federal Rule of Civil Procedure 24(a), Chemtech Royalty Associates, L.P. ("Chemtech I"), by Dow Europe, S.A. as Tax Matters Partner and Chemtech II, L.P. ("Chemtech II"), by IFCO, Inc., as Tax Matters Partner ("Intervenors"), with a principal place of business in Plaquemine, Louisiana, by and through counsel, seek leave of this Court to intervene as of right in the above-captioned case for the purpose of opposing United States' Motion to Compel Deloitte & Touche USA LLP ("D&T") to Produce Documents ("Motion to Compel"), filed in this Court on June 30, 2008. In the alternative, pursuant to Federal Rule of Civil Procedure 24(b), Intervenors seek leave of this Court to grant permissive intervention. Neither Movant nor Respondent opposes Intervenors' Motion to Intervene as of Right ("Motion"). Intervenors seek intervention for the purpose of protecting their privileged and confidential information that is directly relevant to ongoing litigation in the District Court for the Middle District of Louisiana.

Intervenors also attach to this Motion a Memorandum in Opposition to United States' Motion to Compel ("Opposition"). (Intervenors' Ex. A). This Opposition is intended to satisfy the pleading requirement in Local Civil Rule 7(j) and Federal Rule of Civil Procedure 24(c) in this miscellaneous proceeding. If this Motion is granted, Intervenors request that this Court accept the Opposition for filing in the above-captioned matter.

In support of their Motion, Intervenors state as follows:

1. The above captioned action directly relates to a civil tax dispute in the District Court for the Middle District of Louisiana before the Honorable Ralph E. Tyson. The Motion to Compel attaches the required Notice of Designation of Related Civil Cases Pending in this or any other United States Court. (Intervenors' Ex. B). The caption for this related case is Chemtech Royalty Associates, L.P., by Dow Europe, S.A. as Tax Matters Partner v. United States of America, Civ. No. 05-944-RET-DLD, consolidated with, Civ. No. 06-258-RET-DLD and 07-405-RET-DLD.

2. On September 20, 2007, Movant served a subpoena duces tecum on Respondent at its Washington, D.C. offices located at 555 12th Street NW, Suite 500, Washington, D.C. 20004-1207. (Intervenors' Ex. C). The subpoena sought documents relating to communications with Intervenors or documents relating to the Chemtech partnerships that are the subject of the civil tax dispute referred to above.

3. On September 28, 2007, Respondent objected to the subpoena on various grounds and requested additional time to respond. (Intervenors' Ex. D).

4. On December 21, 2007, Respondent produced responsive documents, noting that certain documents in its possession but not produced were covered by applicable privileges belonging to Intervenors. (Intervenors' Ex. E).

5. On January 11, 2007, Respondent provided Movant with a privilege log prepared by Intervenors' counsel identifying three documents subject to the attorney-client privilege and the attorney work-product doctrine. Additionally, one of these three documents is subject to the 26 U.S.C. § 7525 tax practitioner privilege. (Intervenors Ex. F).

6. One of these documents was authored by Dow's outside counsel and provided legal advice relating to the Chemtech II transaction; one of the documents was authored by Dow employees and reflected legal advice and work product relating to the Chemtech II transaction; and one of the documents was authored by D&T but recorded the thoughts and impressions of outside counsel relating to the Chemtech I transaction.

7. Intervenors seek to intervene in this case for the purpose of opposing the Motion to Compel as it relates to the documents identified on Respondent's privilege log.

8. Intervenors, as holders of applicable privileges, have defenses to Movant's claims, and Intervenors' defenses are related to the "transaction that is the subject of this action." Fed. R. Civ. P. 24(a)(2).

9. Intervenors' defenses present questions of law and fact that are common to this action. Fed. R. Civ. P. 24(b)(1)(B).

10. Intervenors submit the attached Memorandum of Law in support of this Motion.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 24(a)(1), Intervenors respectfully request that this Court issue an Order permitting it to intervene as of right, or alternatively, pursuant to Federal Rule of Civil Procedure 24(b), issue an Order granting permissive intervention, in the above-captioned matter.

Respectfully submitted this 25th day of August, 2008.

        CHEMTECH ROYALTY ASSOCIATES, L.P., by
        DOW EUROPE, S.A., as Tax Matters Partner and
        CHEMTECH II, L.P., BY IFCO, INC., as Tax Matters
        Partner

        */s/ John B. Magee*
        John B. Magee (D.C. Bar No. 931139)
        Hartman E. Blanchard, Jr. (D.C. Bar No. 451559)
        Christopher P. Murphy (D.C. Bar No. 500886)
        MCKEE NELSON LLP
        1919 M Street, N.W., Suite 200
        Washington, D.C. 20036
        Telephone: (202) 775-1880
        Facsimile: (202) 775-8586
        jmagee@mckeenelson.com
        hblanchard@mckeenelson.com
        cmurphy@mckeenelson.com

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Movant,<br><br>　　v.<br><br>DELOITTE & TOUCHE USA LLP,<br><br>　　　　Respondent. | Case No.: 1:08-mc-00411-RJL<br>Judge Leon |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>UNOPPOSED MOTION TO INTERVENE AS OF RIGHT</u>**

　　　　Chemtech Royalty Associates, L.P. ("Chemtech I"), by Dow Europe, S.A. as Tax Matters Partner and Chemtech II, L.P. ("Chemtech II"), by IFCO, Inc., as Tax Matters Partner ("Intervenors") seek to intervene in this case pursuant to Federal Rule of Civil Procedure 24. On June 30, 2008, Movant filed United States' Motion to Compel Deloitte & Touche USA LLP to Produce Documents ("Motion to Compel"). Intervenors seek to intervene in this matter for purposes of opposing this Motion to Compel as it relates to Intervenors' privileged and confidential materials. Intervenors have an interest relating to the transaction that is the subject of the above captioned case and have defenses to the Motion to Compel that share a common question of law and fact with this miscellaneous proceeding. <u>See</u> Fed. R. Civ. P. 24(a)(2), (b)(1)(B).

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

The above captioned case relates to a subpoena duces tecum served on Deloitte & Touche USA LLP ("D&T") on September 20, 2007. The subpoena seeks certain documents and writings from D&T related to the Chemtech I partnership, entered into in 1993, and the restructuring of the Chemtech I partnership into the Chemtech II partnership in 1998. On September 28, 2007, D&T objected to the subpoena on various grounds and sought an extension. This extension was granted, and on December 21, 2007, D&T produced documents to the government but noted that certain documents in its possession were covered by various privileges, including the attorney-client privilege, attorney work-product, and the tax practitioner privilege set forth in 26 U.S.C. § 7525. On January 11, 2007, D&T provided the government with a privilege log prepared by Intervenors' counsel identifying three documents subject to the privileges described above. (Intervenors' Ex. F).

The Dow Chemical Corporation, Intervenors' parent company, is the holder of the privileges applicable to these three documents and retains control of such privileges, including: (1) the attorney-client privilege, see In re Subpoenas Duces Tecum, 738 F.2d 1367, 1369 (D.C. Cir. 1984) (stating that "the privilege is held by clients as a means of encouraging their candor in discussing their circumstances with their chosen legal representatives") (citing Upjohn Co. v. United States, 449 U.S. 383 (1981)); (2) the § 7525 tax practitioners privilege, see I.R.C. § 7525(a)(1) (stating that "the same common law protections of confidentiality which apply to a communication between a taxpayer and an attorney shall also apply to a communication between a taxpayer and any federally authorized tax practitioner"); and (3) the work-product doctrine, see In re Special September 1978 Grand Jury, 640 F.2d 49, 62 (7th Cir. 1980) ("A client may

2

generally invoke the work product doctrine because, like the attorney-client privilege, it protects his interests by preventing disclosures about his case.").

## ARGUMENT

I.   <u>The Court Should Grant Intervention as of Right.</u>

Intervenors are entitled to intervene as a matter of right. The D.C. Circuit has interpreted Federal Rule of Civil Procedure 24(a) as turning on 4 factors:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action," Fed. R. Civ. P. 24(a); (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," <u>id.</u>; and (4) whether "the applicant's interest is adequately represented by existing parties." <u>Id.</u>

<u>Mova Pharmaceutical Corp. v. Shalala</u>, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (citing <u>Massachusetts School of Law at Andover, Inc. v. United States</u>, 118 F.3d 776, 779-80 (D.C. Cir. 1997)).

In this case, Intervenors satisfy all four factors:

<u>Factor (1).</u> Intervenors' Unopposed Motion to Intervene as of Right ("Motion") is timely. On July 11, 2008, this Court issued a Minute Order granting D&T's Unopposed Motion for Extension of Time providing that "Deloitte & Touche USA LLP and plaintiffs in the underlying litigation have up to and including 7/28/2008 to file any response to the motion to compel." On July 25, 2008, the Court issued a Minute Order granting D&T's Second Motion for Extension of Time, requiring a response on or before August 11, 2008. On August 8, 2008, the Court issued a Minute Order granting D&T's Third Unopposed Motion for Extension of Time requiring a response on or before August 25, 2008. Intervenors are filing their Motion accompanying this Memorandum of Law on August 25, 2008, thus complying with the Court-established deadline.

3

Factor (2). As detailed in the Motion, the government's Motion to Compel concerns a subpoena relating directly to the pending civil tax dispute in the Middle District of Louisiana in which Intervenors are the Plaintiffs. The government seeks to discover documents that it claims are potentially relevant to that dispute. Moreover, Intervenors are seeking to preserve claims of privilege that belong to them and not to D&T. Because of Intervenors' assertion of privilege over documents sought by the government in this related litigation, Intervenors clearly have an "interest" in the transaction that is the subject to the above-captioned action. The D.C. Circuit has held that privilege issues "satisfy [the] definition of legal interest . . . . Without the right to intervene in discovery proceedings, a third party with a claim of privilege in otherwise discoverable materials could suffer 'the obvious injustice of having his claim erased or impaired by the court's adjudication without ever being heard.'" United States v. American Tel. and Tel. Co., 642 F.2d 1285, 1292 (D.C. Cir. 1980) (citing Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 145 (1967) (Stewart, J., dissenting)). In fact, "courts typically permit parties to intervene to preserve claims of privilege." Alexander v. F.B.I., 186 F.R.D. 21, 30 (D.D.C. 1998); see Allied Irish Banks, p.l.c. v. Bank of America, N.A., No. 03-3748, 2008 WL 783544, at *11-13 (S.D.N.Y. March 26, 2008) (allowing PwC-US, a third party, to intervene to assert work-product privilege with respect to certain documents).

In Cascade Natural Gas Corp. v. El Paso Natural Gas Co., the Supreme Court stated that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." 386 U.S. 129, 134 n.3 (1967) (emphasis added). Clearly in this instance, Intervenors have a "legal interest relating to the transaction that is the subject of this action," and granting discovery over the privileged

4

documents would "substantially affect[]" Intervenors in a "practical sense" as it would directly impact the pending litigation in the Middle District of Louisiana.

Factor (3). The Intervenors' "interest" with respect to this action is in protecting its privileges with respect to the three documents on Respondent's privilege log. These documents reflect confidential legal advice provided by Intervenors' attorneys and reflect thoughts and impressions related to the merits of Intervenors' case in the underlying litigation. Intervenors are certainly "so situated" that a disposition resulting in the discovery of these three documents would clearly "impede [Intervenors'] ability to protect that interest."

Factor (4). Although Intervenors have directed Respondent to maintain their privileges, the only way for Intervenors to fully protect their privileges with respect to these three documents is to make their own arguments directly to the Court. D&T intends to follow the direction of Intervenors to withhold the documents in the absence of a judicial order to the contrary; however, Intervenors, not D&T, are best situated to make appropriate arguments to "adequately support" their privilege claims. In Allied Irish Banks, the court noted that two PwC entities, PwC-US and PwCIL, while related, were independent and could not adequately assert privileges on behalf of the other. 2008 WL 783544, at *11. In this instance, Intervenors and D&T are unrelated entities; thus, Intervenors should be permitted to assert the applicable privileges with respect to the three documents at issue. Additionally, although disclosure of the three documents would directly affect Intervenors, it would have no significant impact on D&T.

Because all four factors of the test for intervention as of right are satisfied, Intervenors' Motion should be granted.

5

II.     <u>In the Alternative, Intervenors should be Granted Permissive Intervention.</u>

In the alternative, Intervenors should be granted permissive intervention under Federal Rule of Civil Procedure 24(b). Permissive intervention may be granted under Rule 24(b) when (1) the motion is timely; (2) the applicant's claim or defense has a question of law or fact in common; and (3) there is an independent ground for jurisdiction. See <u>E.E.O.C. v. National Children's Center, Inc.</u>, 146 F.3d 1042, 1046 (D.C. Cir. 1998). "The requirements for permissive intervention are to be construed liberally, 'with all doubts resolved in favor of permitting intervention.'" <u>In re Vitamins Antitrust Litigation</u>, No. MISC. 99-197, 2001 WL 34088808, *3 (D.D.C. March 19, 2001). In this case, Intervenors satisfy each of the factors for permissive intervention.

<u>Factor (1)</u>. As detailed above, Intervenors' Motion is timely.

<u>Factor (2)</u>. In this action, the government is seeking to discover privileged materials over which Intervenors control the privilege. Intervenors have instructed D&T to maintain Intervenors' privileges over the three documents on D&T's privilege log. Accordingly, the legal claims with respect to privilege in the government's Motion to Compel present questions of law that relate exclusively to Intervenors' privilege claims over the documents at issue.

<u>Factor (3)</u>. Although this Circuit's cases refer to the need for a permissive intervenor to show "independent grounds for jurisdiction," that requirement does not apply in this circumstance because this case is brought under federal question jurisdiction and Intervenors raise no additional arguments or counterclaims against the government. The need to show independent grounds for jurisdiction arises "because the typical movant asks the district court to adjudicate an additional claim on the merits," <u>see, e.g.</u>, <u>National Children's Center, Inc.</u>, 146 F.3d at 1046, and "is almost entirely a problem of diversity litigation," <u>see</u> Charles A. Wright,

6

Arthur R. Miller, and Mary Kay Kane, 7C Federal Practice and Procedure § 1917 (1986). "In federal-question cases there should be no problem of jurisdiction with regard to an intervening defendant . . . ." Id. In this case, Intervenors are not asking the Court to adjudicate a new claim, and jurisdiction does not rest on diversity between the parties. Moreover, even if an independent jurisdictional ground were necessary, Intervenors are entitled to defend against the government's Motion to Compel for the same reasons that the Court has jurisdiction to hear the government's case in the first instance.

Because Intervenors meet the test for permissive intervention, if this Court does not grant intervention as of right, this Court sould grant permissive intervention.

## CONCLUSION

For the reasons stated above and in their Motion, Intervenors respectfully request that this Court grant the Motion pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative, Rule 24(b).

Respectfully submitted this 25th day of August, 2008.

                            CHEMTECH ROYALTY ASSOCIATES, L.P., by DOW EUROPE, S.A., as Tax Matters Partner and CHEMTECH II, L.P., BY IFCO, INC., as Tax Matters Partner

                            */s/ John B. Magee*
                            John B. Magee (D.C. Bar No. 931139)
                            Hartman E. Blanchard, Jr. (D.C. Bar No. 451559)
                            Christopher P. Murphy (D.C. Bar No. 500886)
                            MCKEE NELSON LLP
                            1919 M Street, N.W., Suite 200
                            Washington, D.C.  20036
                            Telephone:  (202) 775-1880
                            Facsimile:  (202) 775-8586
                            jmagee@mckeenelson.com
                            hblanchard@mckeenelson.com
                            cmurphy@mckeenelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2008, the foregoing UNOPPOSED MOTION TO INTERVENE AS OF RIGHT, MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE AS OF RIGHT and [PROPOSED] ORDER, with attached OPPOSITION TO UNITED STATES' MOTION TO COMPEL DELOITTE & TOUCHE USA LLP TO PRODUCE DOCUMENTS were served, by overnight mail, on

Thomas F. Koelbl
Trial Attorney, Tax Division
U.S. Department of Justice
555 Fourth Street, N.W.
Washington, D.C. 20001

Eric P. Witiw
Deloitte & Touche USA LLP
Suite 500
555 12th Street NW
Washington, DC 20004

Michael D. Warden
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005-1401

_____
Hartman E. Blanchard, Jr., (D.C. Bar No. 451559)