UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Misc. Case No. 08-411 (RJL) |
| ) | |
| DELOITTE & TOUCHE USA LLP, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER
(June __, 2009) [#11]

Upon consideration of the United States' Motion to State Basis for Ruling, the motion is GRANTED and the Court states the following:

On July 1, 2008, the United States moved to compel Deloitte & Touche USA LLP n/k/a Deloitte LLP ("Deloitte USA") to produce two categories of documents in response to a Rule 45 subpoena: (1) three documents that Deloitte USA was withholding on the basis of privileges asserted by The Dow Chemical Company ("Dow"), and (2) all responsive documents maintained at Deloitte USA's so-called affiliate in Zurich, Switzerland ("Deloitte Switzerland"). The United States sought the documents in connection with a civil tax refund case pending in the Middle District of Louisiana brought by Chemtech Royalty Associates, L.P. and Chemtech II, L.P. (collectively, "Chemtech"). The Chemtech partnerships had been formed by subsidiaries of Dow in 1993 and 1998, respectively. At certain points, Deloitte USA performed auditing services for Dow and Deloitte Switzerland performed auditing services for Chemtech.

1

After hearing oral argument on December 2, 2009, this Court denied the United States' motion to compel by minute order on March 4, 2009.

As to the first category of documents, they are generally protected from discovery as attorney work product because they were created in anticipation of future litigation over the tax treatment of Chemtech.[1] Fed. R. Civ. P. 26(b)(3)(A); (Decl. of William Curry ¶¶ 8-11 [Dkt. #7-2]). The United States argues, however, that Dow waived its privilege claims over the documents when it disclosed the documents to Deloitte USA. I disagree. "[D]isclosure of work-product materials can waive the privilege for those materials if 'such disclosure, under the circumstances, is inconsistent with the maintenance of secrecy from the disclosing party's adversary.'" *Rockwell Intern. Corp. v. U.S. Dept. of Justice*, 235 F.3d 598, 605 (D.C. Cir. 2001) (quoting *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)). Here, Dow's disclosure to Deloitte USA was not inconsistent with the maintenance of secrecy, because

---

[1] Deloitte USA variously asserts attorney-client, attorney work product, and tax practitioner's privilege over the three documents. The United States does not meaningfully challenge Deloitte USA's assertion of work product privilege over two of the documents: (1) a June 2005 tax opinion from Dow's outside counsel relating to Chemtech, and (2) a September 1998 legal and tax analysis provided by an in-house attorney at Dow. (Pet'r Reply Br. at 2-3 [Dkt. #8]; Hr'g Tr. 42, Dec. 2, 2008.) The United States does, however, challenge the assertion of work product privilege over the third document, an internal Deloitte USA draft memorandum from July 1993 recording the thoughts and impressions of Dow's attorneys concerning tax issues related to Chemtech. Like the first two documents, however, the third document was prepared because of the prospect of litigation with the IRS over the tax treatment of Chemtech. (Decl. of William Curry ¶¶ 8-10.) That the document was created by Deloitte USA personnel is of no moment, because its contents record the thoughts of Dow's counsel regarding the prospect of litigation. Accordingly, because, as discussed *infra*, communicating those thoughts to Deloitte USA did not waive the privilege, the third document is likewise entitled to work product protection. *Cf. Regions Fin. Corp. v. United States*, No. 06-895, 2008 WL 2139008, at *1-2, *7-8 (N.D. Ala. May 8, 2008) (work product privilege extended to materials created by independent auditor that discussed, quoted, or explained documents containing the legal evaluations of petitioner's outside counsel).

Deloitte USA, as Dow's independent auditor, was not a potential adversary, and no evidence suggests that it was unreasonable for Dow to expect Deloitte USA to maintain confidentiality.[2] *See Regions Fin. Corp. v. United States*, No. 06-895, 2008 WL 2139008, at *7-8 (N.D. Ala. May 8, 2008) (disclosure of attorney work product concerning possible IRS attacks on petitioner's tax reporting to independent auditor did not waive work product privilege); *United States v. Textron*, 507 F. Supp. 2d 138, 152-54 (D.R.I. 2007) (citing cases), *aff'd in part, vacated in part*, 553 F.3d 87, *reh'g granted*, 560 F.3d 513. Accordingly, Dow's work product privilege over the three documents remains intact.

As to the second category of documents, the United States' argument that Deloitte USA has sufficient control over the documents maintained at Deloitte Switzerland to enable their production is similarly unpersuasive. Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring the production of documents within a subpoenaed party's "possession, custody, or control"). While Deloitte USA and Deloitte Switzerland are both members of the Swiss *verein* – or membership organization – Deloitte Touche Tohmatsu, the United States has failed to establish that Deloitte USA has the "the legal right, authority or

---

[2] The reasoning in *United States v. Mass. Inst. of Tech.*, 129 F.3d 681 (1st Cir. 1997) ("*MIT*"), does not compel a different result. In that case, MIT, in connection with work it was performing for the Pentagon, disclosed work-product materials to the Defense Contract Audit Agency ("DCAA"), a branch of the Department of the Defense. DCAA had an obligation to review the accuracy of MIT's expense submissions and the authority to sue MIT to recoup any overcharges, thus making MIT and DCAA potential adversaries. *Id.* at 687. Here, by contrast, Deloitte USA was an independent auditor with no similar obligation or authority, and therefore the potential for adversity identified in *MIT* is absent. *See United States v. Textron*, 507 F. Supp. 2d 138, 153-54 (D.R.I. 2007), *aff'd in part, vacated in part*, 553 F.3d 87, *reh'g granted*, 560 F.3d 513.

ability to obtain documents upon demand" from Deloitte Switzerland. *U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 254 (D.C. Cir. 2005) (defining "control") (citation and internal quotation marks omitted). Indeed, the United States' contention rings hollow that Deloitte USA has the "*practical* ability" to obtain the requested documents on account of the entities' close working relationship in connection with Deloitte Switzerland's audit work for Chemtech. Close cooperation on a specific project does not, *per se*, establish an ability, let alone a legal right or authority, on Deloitte USA's part to acquire documents maintained solely by a legally distinct entity. *See, e.g., In re Nortel Networks Corp. Sec. Litig.*, No. 01-1855, 2004 WL 2149111, at *1-4 (S.D.N.Y. Sept. 23, 2004) (Deloitte USA did not have legal right or practical ability to obtain documents from its Canadian counterpart). In fact, upon Deloitte USA's request for the documents, Deloitte Switzerland refused to produce them absent an order from a Swiss court. (Decl. of Eric Witiw Decl. ¶¶ 2-3 [Dkt. #6-1]; Ex. F to Resp't Opp'n Br. [Dkt. #6-1].)

Accordingly, for the foregoing reasons, the Court DENIED the United States' motion to compel.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

4